## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25 cv-03726-PAB-CYC

WILLIAM MONTGOMERY,

      Plaintiff,

v.

JUAN PACHECO, and
MATTHEW LACKEY,

      Defendants.

---

## MOTION TO DISMISS

---

Defendants, **JUAN PACHECO** and **MATTHEW LACKEY**, through their undersigned counsel, **SGR, LLC**, and pursuant to Fed.R.Civ.P. 12(b)(6), hereby submit their Motion to Dismiss, and state as follows.

### STATEMENT OF CONFERRAL

Pursuant to D.C.COLO.LCiv.R 7.1(b)(2) and PAB Civ. Practice Standard III.F.2.a., conferral on this motion was not required because Plaintiff's claims cannot be cured through amendment. Regardless, the parties have conferred via email and Plaintiff is opposed.

### I.      INTRODUCTION

This case arises out of Plaintiff's arrest for suspected shoplifting after he refused to show his receipt to store personnel and immediately "pled the Fifth" when Defendants questioned him about the incident. Plaintiff is suing Defendants for allegedly violating his Fourth Amendment rights pursuant to 42 U.S.C. § 1983. His claims are as follows: (1) unlawful seizure of a person,

(2) unlawful search and seizure of property, and (3) unlawful search of wallet and seizure of ID. [Complaint (ECF No. 1), pp. 12, 15, 23].

These claims are implausible given Defendants' qualified immunity. The Complaint should therefore be dismissed.

## II.    <u>STANDARD OF REVIEW</u>

*Pro se* plaintiffs must follow the same rules of procedure that govern other litigants. *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007). To survive a motion to dismiss, a complaint "must contain enough allegations of fact 'to state a claim for relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). As a result, the Court need not accept conclusory allegations without supporting factual averments. *Ass'n of Surgical Assistants v. Nat'l Bd. of Surgical Tech. & Surgical Assisting*, 127 F.4th 178, 191 (10th Cir. 2025). "The burden is on the plaintiff to frame a complaint with enough factual matter (taken as true) to suggest that he or she is entitled to relief." *Robbins*, 519 F.3d at 1247 (cleaned up). Mere formulaic recitations of the elements of a cause of action will not suffice to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III.    <u>ARGUMENT</u>

### DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY.

Defendants are being sued in their individual capacities as police officers acting under color of law. [Complaint, ¶ 5]. They hereby assert qualified immunity from Plaintiff's claims. Plaintiff therefore bears the "heavy two-part burden" of adequately alleging: (1) that Defendants violated his Fourth Amendment rights, and (2) that such rights (and the violations thereof) were

2

clearly established at the time of the incident. *Puller v. Baca*, 781 F.3d 1190, 1196 (10th Cir. 2015); *Robbins*, 519 F.3d at 1249 ("[I]n this context, plaintiffs must allege facts sufficient to show … that the defendants plausibly violated their constitutional rights.").

### A.    No plausible underlying violation.

#### 1.    *Plaintiff's First Claim for Relief (seizure of person) is implausible.*

Plaintiff's claim for "Unlawful Seizure of a Person" (i.e., false arrest) [Complaint, p. 12] requires plausible allegations of the absence of probable cause. *Morphew v. Chaffee County, et al.*, 2024 WL 5673501, at *6 (D. Colo. Sept. 24, 2024); *see also Kaufman v. Higgs*, 697 F.3d 1297, 1300 (10th Cir. 2012) ("In the context of a false arrest claim, an arrestee's constitutional rights were violated if the arresting officer acted in the absence of probable cause that the person had committed a crime"); *Cottrell v. Kaysville City*, 994 F.2d 730, 733 (10th Cir. 1993) ("A plaintiff may recover damages under § 1983 for wrongful arrest if [ ]he shows [ ]he was arrested without probable cause.").

Probable cause exists if "the facts and circumstances within the arresting officers' knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the suspect had committed or was committing an offense." *Adams v. Williams*, 407 U.S. 143, 148 (1972); *Keylon v. City of Albuquerque*, 535 F.3d 1210, 1216 (10th Cir. 2008) (recognizing same). "Probable cause doesn't require proof that something is more likely true than false. It requires only a 'fair probability,' a standard understood to mean something more than a 'bare suspicion' but less than a preponderance of the evidence at hand." *United States v. Denson*, 775 F.3d 1214, 1217 (10th Cir. 2014). "When assessing whether an officer had probable cause to arrest an individual, courts 'examine the events leading up to the

3

arrest, and then decide whether these historical facts, viewed from the standpoint of an objectively reasonable police officer, amount to' probable cause." *A.M. v. Holmes*, 830 F.3d 1123, 1139 (10th Cir. 2016) (quoting *Maryland v. Pringle*, 540 U.S. 366, 371 (2003)). Additionally, "in the § 1983 qualified-immunity context, an officer may be mistaken about whether he possesses actual probable cause to effect an arrest [and still be entitled to qualified immunity], so long as the officer's mistake is reasonable—viz., so long as he possesses 'arguable probable cause.'" *Id.* at 1140 (quoting *Cortez v. McCauley*, 478 F.3d 1108, 1121 (10th Cir. 2007)); *see also Sabeerin v. Albuquerque Police Dep't*, No. 21-2046, 2022 WL 1013809, at *4 (10th Cir. Apr. 5, 2022) (recognizing that "[a]rguable probable cause, not the higher standard of actual probable cause, governs the qualified immunity inquiry.") (cleaned up) (quoting *Holmes*, 830 F.3d at 1139).

In addition to being entirely conclusory, Plaintiff's allegations do not plausibly show that Defendants lacked probable cause for his arrest. The Complaint alleges that BestBuy employees prevented Plaintiff from leaving the store after he refused to provide a receipt and then informed Defendants that he had not paid for the merchandise. [Complaint, ¶¶ 2, 16–18]. If true, Plaintiff would have committed (or attempted to commit) theft pursuant to C.R.S. § 18-4-401. Plaintiff has not plausibly shown that Defendants lacked probable cause under this scenario, or why they should have doubted store personnel at the time of the arrest. Nor does Plaintiff allege that he provided any exculpatory evidence, disputed the employees' accusations, or in any way proclaimed his innocence. Indeed, when Defendant Lackey asked Plaintiff whether he had purchased the merchandise, he again replied: "I plead the Fifth." [Complaint, ¶ 19]. He then

4

apologized to Defendants, inquired whether he would be receiving a citation, and asked: "If I cooperate, will you guys go easy on me?" [Complaint, ¶ 20].

The totality of these circumstances, combined with Plaintiff's refusal to rebut the accusations, gave Defendants sufficient objective grounds to believe there was a "fair probability" that Plaintiff had violated the law, thereby defeating his unlawful arrest claim. *Denson*, 775 F.3d at 1217; *see also United States v. Martin*, 613 F.3d 1295, 1302 (10th Cir. 2010) ("As the standard itself indicates, probable cause does not require metaphysical certitude or proof beyond a reasonable doubt. "[It] is a matter of probabilities and common sense conclusions, not certainties.") (cleaned up). At the very least, Plaintiff has not elevated his claim beyond the speculative level, as he has failed to sufficiently allege the absence of actual—much less arguable—probable cause.

> 2.    *Plaintiff's Second and Third Claims for Relief (search/seizure of property) are implausible.*

Plaintiff's claims for "Unlawful Search and Seizure of Property" and "Unlawful Search of Wallet and Seizure of ID" [Complaint, pp. 15, 23] fail because he and his property were searched/seized incident to his lawful arrest.

"[S]earches conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." *Arizona v. Gant*, 556 U.S. 332, 338 (2009) (quoting *Katz v. United States*, 389 U.S. 347, 357 (1967)). "Among the exceptions to the warrant requirement is a search incident to a lawful arrest." *Id.* "The constitutionality of a search incident to an arrest does not depend on whether there is any indication that the person arrested

possesses weapons or evidence. The fact of a lawful arrest, standing alone, authorizes a search." *Michigan v. DeFillippo*, 443 U.S. 31, 35 (1979).

Plaintiff concedes he was arrested. [Complaint, ¶ 2]. He further claims that he was handcuffed and placed into Defendant Lackey's patrol vehicle prior to being searched. [Complaint, ¶¶ 19, 20, 22, 28, 32, 36]; *Cortez v. McCauley*, 478 F.3d 1108, 1115–16 (10th Cir. 2007) (The "use of [ ] handcuffs, and other forceful techniques generally exceed the scope of an investigative detention and enter the realm of an arrest.") (cleaned up); *Manzanares v. Higdon*, 575 F.3d 1135, 1149–50 (10th Cir. 2009) (finding "arrest" where suspect was handcuffed and placed into a patrol vehicle). While Plaintiff asserts his arrest was "non-custodial" and thus—he claims—insufficient to justify the incidental search [Complaint, ¶¶ 3, 28, 34], this Court has refused to recognize such a distinction. *See Montgomery v. Gosselin*, 2019 WL 4639950, at *3 (D. Colo. Sept. 23, 2019) ("[T]he Colorado Supreme Court's notion of a 'non-custodial arrest' is inconsistent with federal law, which recognizes only three levels of police-citizen interactions under the Fourth Amendment: consensual encounters, investigative detentions, and arrests.") (citing *United States v. Coca*, 704 F. App'x 744, 747 (10th Cir. 2017)); *see also Oliver v. Woods*, 209 F.3d 1179, 1186 (10th Cir. 2000) (limiting police/citizen encounters to these three types).

Accordingly, Plaintiff cannot dispute that he was lawfully searched because he had been lawfully arrested.[1] *See Frey v. Town of Jackson, Wyoming*, 41 F.4th 1223, 1243 (10th Cir. 2022) ("[L]ong-established Fourth Amendment doctrine provides that searches of persons incident to a lawful arrest are reasonable under the Fourth Amendment."); *United States v. Anchondo*, 156 F.3d 1043, 1045 (10th Cir. 1998) (finding "agents were justified in conducting a *full*, warrantless

---

[1] As discussed above, Plaintiff's arrest was lawful because it was supported by probable cause.

search of the [suspect]," where they had probable cause for the arrest) (emphasis added). And contrary to Plaintiff's assertion, this exception applies equally to the search of his wallet and seizure of his ID. *United States v. Van Dam*, 37 F. App'x 461, 464 (10th Cir. 2002) ("We conclude the officers' search [of the wallet for identification] was lawful based on our determination that the officers had probable cause to arrest the [suspect] at the time of the search."); *Galletta v. Deasy*, 9 F. App'x 909, 915 (10th Cir. 2001) ("We conclude Mr. Galletta has failed to establish Sergeant Deasy arrested him without probable cause, which means the subsequent search of Mr. Galletta's wallet did not violate the Fourth Amendment.").

**B.      No clearly established law.**

As for the second prong of Defendants' qualified immunity, "[a] clearly established right is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Mullenix v. Luna*, 577 U.S. 7, 11 (2015) (quotations omitted). "To satisfy this high threshold, there must exist Supreme Court or Tenth Circuit precedent on point or, alternatively, the established weight of authority from other courts must support the plaintiff's view of the law." *Wright v. City of Ponca City*, No. 22-6137, 2023 WL 5765848, at *5 (10th Cir. Sept. 7, 2023)[2] (citing *Clark v. Wilson*, 625 F.3d 686, 690 (10th Cir. 2010)). "A reasonable official [may also] possess[ ] the requisite understanding if ... 'a general constitutional rule already identified in the decisional law applies with obvious clarity to the specific conduct at issue.'" *Wright*, 2023 WL 5765848, at *5 (cleaned up) (citing *Buck v. City of Albuquerque*, 549 F.3d 1269, 1290 (10th Cir. 2008)). But ultimately, however, the law is not clearly established

---

[2] Cert. denied, 144 S. Ct. 1058 (2024), 2023 WL 5765848, at *5.

unless this precedent "place[s] the statutory or constitutional question *beyond debate*." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011) (emphasis added).

Plaintiff cannot identify clearly established law putting Defendants on notice that their alleged conduct violated the Constitution under the circumstances outlined in the Complaint. Specifically, he cannot provide a dispositive case where an officer was found to have lacked both actual and arguable probable cause for theft despite witness accusations and the suspect's refusal to deny them, combined with the suspect's objectively incriminating statements and behavior. *See, e.g.*, *Montgomery v. Calvano*, No. 21-1134, 2022 WL 1132212, at *2 (10th Cir. Apr. 18, 2022) (upholding qualified immunity for officer where Plaintiff failed to provide a receipt and "refused to rebut" employees' accusations of theft). Nor can he demonstrate a clearly established Fourth Amendment violation where officers searched a suspect under similar circumstances incident to a lawful arrest. Defendants are therefore entitled to qualified immunity on this basis as well.

**WHEREFORE**, for the reasons stated herein, Defendants respectfully request that this Court:

A.      Enter an Order dismissing Plaintiff's claims with prejudice;

B.      Enter judgment in their favor and against Plaintiff;

C.      Award attorney fees and costs against Plaintiff;

D.      Provide such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ Eric M. Ziporin
**Eric M. Ziporin**
SGR, LLC
3900 East Mexico Avenue, Suite 700
Denver, CO  80210
Telephone: (303) 320-0509
Email: eziporin@sgrllc.com

/s/ Jonathan N. Eddy
**Jonathan N. Eddy**
SGR, LLC
3900 East Mexico Avenue, Suite 700
Denver, CO  80210
Telephone: (303) 320-0509
Email: jeddy@sgrllc.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 30th day of January, 2026, I electronically filed a true and correct copy of the above and foregoing **MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses. A copy will be emailed and mailed to the *pro se* party below:

William Montgomery
2443 S. University Blvd. #129
Denver, CO 80210
zoinbergs@gmail.com
*Plaintiff pro se*

s/   *Mariel Juniper*
Legal Secretary

9