**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25 cv-03726-PAB-CYC

WILLIAM MONTGOMERY,

Plaintiff,

v.

JUAN PACHECO, and
MATTHEW LACKEY,

Defendants.

---

**REPLY IN SUPPORT OF MOTION TO DISMISS**

---

Defendants, **JUAN PACHECO** and **MATTHEW LACKEY**, through their undersigned counsel, **SGR, LLC**, hereby submit their Reply in Support of Motion to Dismiss, and state as follows.

Plaintiff has not overcome either prong of Defendants' qualified immunity defense.

**A. No underlying violations.**

As it relates to the initial seizure, Plaintiff again concedes he was placed under arrest, which Defendants do not dispute. While Plaintiff argues that Defendants lacked probable cause, his reasoning is misguided. First, contrary to his assertion, the fact that he refused to deny the criminal accusations when Defendant Lackey first questioned him *is* a key factor in the totality of circumstances that officers can consider and is therefore highly relevant to (and supportive of) probable cause. *See Quezada v. Roden*, 2022 WL 3654741, at *5 (N.D. Okla. Aug. 24, 2022) (Finding officers had probable cause for arrest, stating: "Under the totality of the circumstances,

Plaintiff's refusal to answer questions ... in the course of the officers' investigation, when Plaintiff was not [yet] under arrest, and other eyewitnesses were cooperating, could only increase the officers' already reasonable [belief] of her direct involvement in the [reported crime]."); *Montgomery v. Cohn*, 2023 WL 3626504, at *2 (D. Colo. May 24, 2023) (Acknowledging that "Mr. Montgomery's refusal to produce a receipt or deny the shoplifting allegations were 'part of the totality of the circumstances that support arguable probable cause, along with the defendants' investigation and the statements from the [store] employees.") (citation omitted).

Nor was Plaintiff's refusal the only consideration supporting probable cause. Here, Defendants had been dispatched for a reported shoplifting and were then told by store employees that Plaintiff had not paid for his merchandise—an accusation Plaintiff did not refute. *Cf. Florida v. Royer*, 460 U.S. 491, 498 (1983) (holding that a "refusal to ... answer does not, *without more*, furnish" objective grounds for a detention) (emphasis added); *Montgomery v. Lore*, No. 23-1106, 2023 WL 8613523, at *5 (10th Cir. Dec. 13, 2023) (acknowledging same). While Plaintiff believes his silence was innocent, the Supreme Court has stated that even "innocent behavior will frequently provide the basis for a showing of probable cause," and that "[i]n making a determination of probable cause the relevant inquiry is not whether particular conduct is innocent or guilty, but the degree of suspicion that attaches to particular types of noncriminal acts." *Illinois v. Gates*, 462 U.S. 213, 243–44, n.13 (1983).

To the extent Plaintiff is now challenging the reliability of the employee witnesses, he provides no factual averments that plausibly show why Defendants should have doubted what

they were told.[1] *See Gramenos v. Jewel Companies, Inc.*, 797 F.2d 432, 439 (7th Cir. 1986) ("When an officer has 'received his information from some person—normally the putative victim or an eye witness—who it seems reasonable to believe is telling the truth,' he has probable cause... Police have reasonable grounds to believe a guard at a supermarket.") (internal citation omitted); *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 790 (3d Cir. 2000) (affirming, in relevant part, police officer's qualified immunity on the grounds that a report from a credible eyewitness constitutes probable cause); *cf. Cortez v. McCauley*, 478 F.3d 1108, 1116 (10th Cir. 2007) (finding second-hand account of statements made by a "barely-verbal two-year old child" insufficient to establish probable cause). Here, Defendants' reliance on the information the employees relayed to them was reasonable and only bolstered probable cause.

With respect to the search of Plaintiff's person and temporary seizure of his property, Plaintiff asserts that his arrest was "non-custodial" in nature and could not have triggered the "search incident to lawful arrest" exception to the Fourth Amendment's warrant requirement. Plaintiff is again incorrect; this Court has expressly rejected his argument. *Montgomery v. Gosselin*, 2019 WL 4639950, at *3 (D. Colo. Sept. 23, 2019). His reliance on *United States v. Gonzalez* is similarly misguided. There, the Tenth Circuit explained in a footnote that regardless of the classification given to a seizure under *state law*, the court viewed a routine traffic stop to be an investigatory detention for "constitutional purposes" that did not—under those circumstances—permit a warrantless search. 763 F.2d 1127, 1130 n.1 (10th Cir. 1985). But Defendants' ability to conduct the warrantless search was not based on a state law classification,

[1] While Plaintiff claims that Best Buy personnel were merely "posted up" at the front of the store and had not conducted any investigation of their own [Response, p. 3], he does not allege (or establish why) Defendants would have known this.

nor is this alleged. In fact, for *constitutional purposes*, Plaintiff concedes (and the allegations show) he was arrested when Defendants placed him in handcuffs and into the back of their patrol vehicle. And as also discussed above, Plaintiff has failed to show why that arrest was "unlawful" under the alleged circumstances. Thus, he cannot now have it both ways; he was either arrested or he wasn't. And because there is no dispute that he was, in fact, arrested, Defendants were necessarily justified in searching him and obtaining his ID incident thereto. *United States v. Robinson*, 414 U.S. 218, 235 (1973) ("A custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment; that intrusion being lawful, a search incident to the arrest requires no additional justification."); *cf. Montgomery v. Cruz*, 162 F.4th 1285, 1287 (10th Cir. 2026) (merely finding that "*[a]bsent an actual arrest*, the officer can't justify a search based on the right to make an arrest.") (emphasis added).

**B. No clearly established law.**

Plaintiff first relies on *BeVier v. Hucal*, 806 F.2d 123 (7th Cir. 1986) to overcome Defendant's qualified immunity, but it is not binding in this circuit and cannot create clearly established law. It is also distinguishable because the defendant officer in that case failed to ask the suspect a single question before arresting him for child neglect. *Id.* at 125. That is not what Plaintiff alleges here, and "[s]uffice it to say, a reasonable officer could miss the connection between that case and this one." *City of Tahlequah, Oklahoma v. Bond*, 595 U.S. 9, 14 (2021).

*Montgomery v. Lore* fares no better, as it was decided after this incident. It is also distinguishable. There, an officer was denied qualified immunity for extending an *investigatory detention* to facilitate an otherwise unlawful search. 2023 WL 8613523, at *5–6 (10th Cir. Dec.

13, 2023). Here, however, Plaintiff was not searched pursuant to an investigatory detention; he was searched incident to a lawful arrest.

Finally, Plaintiff cannot demonstrate a plausible, clearly established violation in the wake of *Montgomery v. Cohn*, 2024 WL 1739290 (10th Cir. Apr. 23, 2024). There, the Tenth Circuit (in upholding qualified immunity) proceeded straight to the "clearly established law" prong of its analysis and found that officers had arguable probable cause for the arrest based on the following: "(1) dispatch was told that [store employees] had detained a suspect for shoplifting; (2) [the officer] began an investigation as soon as he arrived on the scene; (3) during the investigation, [the officer] asked a [store] employee whether Mr. Montgomery had a receipt and he was told that he did not; and (4) Mr. Montgomery refused to produce a receipt despite multiple requests to do so." *Id.* at *3. These facts are materially identical to Plaintiff's present allegations. *Cohen* only underscores why Defendants would have similarly possessed arguable probable cause in this instance.

Moreover, *Cohen*, in applying the "search incident to lawful arrest" exception, also rejected Plaintiff's unlawful search claim, stating: "[W]e need not decide whether Mr. Montgomery was under arrest [for purposes of the search] because it was not clearly established that a reasonable police officer would have understood that Mr. Montgomery *was not under arrest* when he was placed in handcuffs." *Id.* at *4 (emphasis in original). That court also dispensed with several of the same cases Plaintiff is again attempting to rely on here:

> Mr. Montgomery's reliance on *Baptiste v. J.C. Penney Co.*, 147 F.3d 1252 (10th Cir. 1998), and *Lusby v. T.G. & Y. Stores, Inc.*, 749 F.2d 1423 (10th Cir. 1984) ... is misplaced. In each of these cases, the arresting officer arrived on the scene after the alleged crime occurred and relied solely on accusations made by a party whose reliability had been called into doubt or would have been called into doubt if the officer had done any investigation, *such as by interviewing the suspect*. *See*

> *Baptiste*, 147 F.3d at 1257 (concluding that the officers lacked reasonable grounds "to believe the shoplifting allegations made by store security guards in light of the conduct recorded on [a] videotape; [the suspect's] explanation; her production of receipts[;] ... and the search of her bag, purse, and pockets, which revealed no stolen merchandise"); *Lusby*, 749 F.2d at 1430 (noting the arresting officers arrived on the scene, "picked up the [suspects], handcuffed and frisked them and took them to jail without interviewing witnesses or conducting any inquiry to determine whether probable cause existed to arrest them"). These cases do not "squarely govern the present case," *Aldaba*, 844 F.3d at 877.
>
> ...
>
> We [also] disagree with Mr. Montgomery that the decision in *Knowles v. Iowa*, 525 U.S. 113 (1998), requires a different outcome. Knowles was stopped by an Iowa policeman for a traffic violation. The officer issued him a citation rather than arresting him... The Court agreed with Knowles that there was no right to search his person or vehicle incident to being issued a citation because neither rationale for the search incident to arrest exception—officer safety or the need to preserve evidence—was present. But *Knowles* is inapposite because Mr. Montgomery was placed under arrest before he was searched.

*Id.* at *3–4 (emphasis added). Nor did *Cohn* read the Supreme Court's decision in *United States v. Robinson*, 414 U.S. 218 (1973) to distinguish or exclude Plaintiff's detention from a "custodial arrest." Quite the opposite. *Cohn* cited *Robinson* to show why the officer's incidental search was justified. *Id.* at *4. To the extent Plaintiff claims these decisions are at odds with one another, this only further bolsters Defendants' qualified immunity. *See Wilson v. Layne*, 526 U.S. 603, 618 (1999) ("If judges thus disagree on a constitutional question, it is unfair to subject police to money damages for picking the losing side of the controversy."). *Cohn* is fatal to Plaintiff's claims.

Respectfully submitted,

/s/ Eric M. Ziporin
***Eric M. Ziporin***
SGR, LLC
3900 East Mexico Avenue, Suite 700
Denver, CO 80210
Telephone: (303) 320-0509
Email: eziporin@sgrllc.com

/s/ Jonathan N. Eddy
***Jonathan N. Eddy***
SGR, LLC
3900 East Mexico Avenue, Suite 700
Denver, CO 80210
Telephone: (303) 320-0509
Email: jeddy@sgrllc.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 6th day of April, 2026, I electronically filed a true and correct copy of the above and foregoing **REPLY IN SUPPORT OF MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email addresses. A copy will be emailed and mailed to the *pro se* party below:

William Montgomery
2443 S. University Blvd. #129
Denver, CO 80210
zoinbergs@gmail.com
*Plaintiff pro se*

s/ *Mariel Juniper*
Legal Secretary