**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-03726-PAB-CYC

WILLIAM MONTGOMERY,

Plaintiff,

v.

JUAN PACHECO, and
MATTHEW LACKEY,

Defendants.

---

**RESPONSE TO PLAINTIFF'S OBJECTIONS TO RECOMMENDATION**

---

Defendants, **JUAN PACHECO** and **MATTHEW LACKEY**, through their undersigned counsel, **SGR, LLC**, hereby respond to Plaintiff's Objections to Recommendation [ECF No. 39], and state as follows:

Plaintiff's various objections to Magistrate Judge Chung's Recommendation may be overruled for one simple reason: Plaintiff has not (and cannot) overcome Defendants' qualified immunity.

With respect to his arrest, Plaintiff has again failed to identify any clearly established law showing why Defendants would not have—at the very least—possessed arguable probable cause for theft based on the information they had received, combined with Plaintiff's voluntary silence. *See Montgomery v. Cohn*, 2024 WL 1739290 (10th Cir. Apr. 23, 2024) (granting qualified immunity to officers on materially identical allegations). While Plaintiff has again provided a lengthy dissertation on *Lusby* and *Baptiste*, those cases are materially distinguishable from

Plaintiff's allegations and do not demonstrate a clearly established constitutional violation here. *See Cohn*, 2024 WL 1739290 at *3–4 (distinguishing *Lusby* and *Baptiste* in granting qualified immunity).

Plaintiff's unlawful search claims feature the same fatal flaw, as nothing in his objections show why Defendants are not similarly immune. While Plaintiff goes to great lengths in asserting that his arrest should not have justified a warrantless search, *Cohn* also dispenses with these arguments because "it was not clearly established that a reasonable police officer [in Defendants' position] would have understood that [Plaintiff] *was not under arrest* when he was placed in handcuffs." *Id.* at *4 (emphasis in original). Plaintiff has again failed to identify a single case where an officer, under similar circumstances, was deemed to have unlawfully searched an individual following an actual arrest. *Cf. Montgomery v. Cruz*, 162 F.4th 1285, 1287 (10th Cir. 2026) (finding that "*[a]bsent an actual arrest*, the officer can't justify a search based on the right to make an arrest.") (emphasis added). Unlike in *Crews*, Plaintiff admits he was arrested in this instance—a point which Defendants do not dispute.

Plaintiff cannot overcome Defendants' qualified immunity. The Recommendation should be accepted and adopted in full.

Respectfully submitted,

/s/ Eric M. Ziporin
***Eric M. Ziporin***
SGR, LLC
3900 East Mexico Avenue, Suite 700
Denver, CO 80210
Telephone: (303) 320-0509
Email: eziporin@sgrllc.com

/s/ Jonathan N. Eddy
***Jonathan N. Eddy***
SGR, LLC
3900 East Mexico Avenue, Suite 700
Denver, CO 80210
Telephone: (303) 320-0509
Email: jeddy@sgrllc.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 27th day of August, 2026, I electronically filed a true and correct copy of the above and foregoing **RESPONSE TO PLAINTIFF'S OBJECTIONS TO RECOMMENDATION** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following email addresses. A copy will be emailed to the *pro se* party below:

William Montgomery
2443 S. University Blvd. #129
Denver, CO 80210
zoinbergs@gmail.com
*Plaintiff pro se*

s/ *Mariel Juniper*
Legal Secretary